## COURTS OF REVIEW AND VILLAGE ORDINANCES.

[Circuit Court of Lorain County.]

CARL ESCH v. THE CITY OF ELYRIA.

Decided, May 8, 1905.

*Ordinances—Higher Courts will not Take Judicial Notice of—Character of Offense Charged—Finding of Mayor—That the Offense was in Violation of an Ordinance—Presumption.*

1. Where an offense is . charged which the municipality had a right to forbid and there is a finding by the mayor that the defendant did violate an ordinance, a reviewing court is bound to presume that the mayor did not err in finding that an ordinance had been passed covering the offense charged, and can not reverse the judgment unless error is shown.
2. To bring an ordinance before a reviewing court, it must be certified up by the mayor with the other evidence.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The case of Carl Esch against the City of Elyria. Esch was prosecuted before the mayor of the city of Elyria, an affidavit having been filed with the mayor, charging him in these words:

"Before me, Thomas Folger, mayor of said city in said county, personally came Mrs. Olive Hulf, who, being duly sworn according to law, deposeth and saith, that on or about the 12th day of August, A. D. 1904, at the county of Lorain and city of Elyria, one Carl Esch, late of said city and county, unlawfully did conduct himself in a noisy, rude and insulting and disorderly manner by words and acts toward one Grover Hulf, by striking him in the breast and by striking him in the face, with intent to abuse the said Grover Hulf, and so as to annoy the citizens and disturb the good order and quiet of the city of Elyria, contrary to the form of the ordinance in such cases made and provided."

There are some things curious about this. What words were uttered? The affidavit says he disturbed the peace by the use of boisterous words, to-wit, he struck somebody in the face. But council had a right, under Section 1536-100 to pass an ordinance which would make what is charged in that affidavit an

offense.   Among the things that it is provided in the section referred to that the council of a municipality may do, is "to prevent riot, gambling, noise and disturbance, indecent and disorderly conduct or assemblages, and to preserve the peace and good order, and protect the property of the corporation and its inhabitants."

Clearly the municipality had a right to pass an ordinance which would make it an offense to do the things which it is here charged were done.   But it is said that it is not here charged that those things were done which are prohibited by the ordinance.   The answer to that is, we do not know what the ordinance is.   We know that the city had a right to pass an ordinance that would make the things here charged an offense.   And I take the occasion to say a little on that, because there has been a good deal of misunderstanding about it.   The mayor, of course, was bound to·take judicial notice of the ordinances of the city, but the higher courts will not take judicial notice of the ordinances of a municipality; to require that would require the Supreme Court of Ohio to take judicial notice of every ordinance in every village in Ohio.   It can not be done, and it is not done.   This court has distinctly held in two cases, one of which has gone to the Supreme Court and been affirmed, that we can not take judicial notice of an ordinance; and we can not reverse a case unless error is apparent.

The mayor found that an ordinance had been violated.   We find the municipality had a right to pass an ordinance which would be violated by the happening of the facts charged in this affidavit.   We are bound to presume that the mayor did not err in finding that the municipality had passed such ordinance.

It is asked, then, how is the reviewing court to know what the ordinance is?   So far as I know, the only way is for the bill of exceptions to show what the evidence was, and to show in addition what the ordinance was.   It is true the ordinance would not be introduced on the trial in evidence before the mayor, but the only reason it would not be, is because he is bound to know it, and therefore it is a fact before him, and so the bill of exceptions should show what the ordinance was;

the mayor should certify with the other evidence in the case what the ordinance is, then the reviewing court will take notice of it, not because it takes judicial notice of the ordinances of municipalities, but because it has before it, by the certificate of the mayor, in its bill of exceptions, what the ordinance under which the prosecution was had. In no other way can it properly be brought to a reviewing court.

This court has, in at least two cases, reversed the municipal court where the ordinance did not appear; but in both cases it was because we found that the facts charged in the affidavit could not constitute an offense under any ordinance which the municipality had authority to pass, and that therefore no difference what the ordinance attempted to be passed was, that there could be no ordinance, authorized by law, which would make an offense of the facts charged in the affidavit. The judgment is affirmed.

*Fritz Rudin*, for plaintiff.

*W. B. Johnston*, for city.